SCHEDULED FOR ORAL ARGUMENT ON MARCH 7, 2016

Appeal No. 15-7053

# United States Court of Appeals
# for the District of Columbia Circuit

| | |
|---|---|
| **NIEVES ROCHA**, As the Personal Representative of the Estate of **OSCAR ROCHA**, Deceased | ) ) ) ) |
| Appellant, | ) ) |
| v. | ) ) |
| **BROWN & GOULD, LLP**, *et al.* | ) ) |
| Appellees. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA (1:14-cv-01136-RC)

### BRIEF OF THE APPELLEE
### DAVID M. LIPMAN, P.A.

Aaron L. Handleman, Esq.
Laura M.K. Hassler, Esq.
Eccleston & Wolf, P.C.
1629 K Street, N.W
Suite 260
Washington, D.C. 20006
(202) 857-1696
*Counsel for David M. Lipman, P.A.*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Appellee David M. Lipman, P.A., by and through its attorneys, submits its Certificate As to Parties, Rulings, and Related Cases, and in support thereof states as follows:

1. Parties and *Amici*

The parties who appeared in the District Court are Appellant/Plaintiff Nieves Rocha and Appellees/Defendants Brown & Gould, LLP, Daniel A. Brown Esq., and David M. Lipman, P.A. No other parties, intervenors or *amici* are involved in this action.

2. Disclosure Statement Pursuant to Circuit Court Rule 26.1

I, undersigned counsel of record for Appellee, certify that to the best of my knowledge, information and belief, David M. Lipman, P.A. is a law firm that is not controlled, directly or indirectly, by any parent companies, and no publicly-held company has a 10% or greater ownership interest in the firm.

3. Rulings Under Review

Appellant Nieves Rocha appeals the Honorable Rudolph Contreras's April 30, 2015 Order granting the Appellees' Motions for Summary Judgment and denying Appellant's Motion for Partial Summary Judgment.

4. Related Cases

There are no related cases.

# **TABLE OF CONTENTS**

Certificate as to Parties, Rulings, and Related Cases ................................................ ii

Table of Contents ........................................................................................................ iii

Table of Authorities ....................................................................................................iv

Glossary.........................................................................................................................v

Statement of the Issues................................................................................................1

Statement of the Case..................................................................................................1

Summary of the Argument..........................................................................................5

Argument......................................................................................................................6

      I.     This Court Should Affirm the Grant of Summary Judgment in Lipman's Favor on the Legislative Claims Because Ms. Rocha Conceded the Issue Below and Has Not Preserved It for Appeal. .........................................................6

      II.    This Court Should Affirm the Entry of Summary Judgment for Lipman on the Legislative Claims Because Lipman Owed Ms. Rocha No Duty to Perform Legislative Work. ....................................................................8

      III.   This Court Should Affirm the Entry of Summary Judgment on All Counts for the Reasons Set Forth in Appellees Brown and B&G's Brief.................................................11

Conclusion ..................................................................................................................11

Certificate of Service .................................................................................................13

# **TABLE OF AUTHORITIES**

## **Cases**

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) .................................................. 8-9

*\*Bower v. District of Columbia*, 793 F.3d 49 (D.C. Cir. 2015) ............................ 6, 7

*Celotrex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................................... 9

*COMPTEL v. FCC*, 945 F. Supp. 2d 48 (D.D.C. 2013) ............................................. 7

*\*Fox v. Gov't of Dist. Of Columbia*, 794 F.3d 25 (D.C. Cir. 2015) .......................... 7

*Hopkins v. Women's Div. Gen. Bd. of Global Ministries*,
　284 F. Supp. 2d 15 (D.D.C. 2003) *aff'd* 98 F.App'x 8 (D.C. Cir. 2004) .............. 7

*\*Kaempe v. Myers*, 367 F.3d 958 (D.C. Cir. 2004) .................................................10

*Laningham v. U.S. Navy*, 813 F.2d 1236 (D.C. Cir. 1987) ....................................... 8

*O'Neil v. Bergan*, 452 A.2d 337 (D.C. 1982) ..........................................................10

*U.S. ex rel Totten v. Bombardier Corp.*, 380 F.3d 488 (D.C. Cir. 2004) .............. 7-8

## **Rules**

Fed. R. App. P. 28(i) ................................................................................................11

Fed. R. Civ. P. 56 ....................................................................................................... 8

Fed. R. Civ. P. 56(e)(2) .............................................................................................. 7

\*Authorities upon which we chiefly rely are marked with asterisks.

# **GLOSSARY**

| | |
|---|---|
| B&G | Appellee Brown & Gould, LLP |
| Brown | Appellee Daniel A. Brown, Esq. |
| Lipman | Appellee David M. Lipman, P.A. |
| Ms. Rocha | Appellant, Nieves Rocha, As the Personal Representative of the Estate of Oscra Rocha, Deceased |

## STATEMENT OF THE ISSUES

I.   Whether the Appellant has preserved for appeal any challenge to the entry of summary judgment for Appellee Lipman on her claims based upon legislative work, when she did not oppose in the District Court Lipman's separate argument for summary judgment on those claims, and she has not addressed the issue in her Brief before this Court.

II.  Whether summary judgment for Appellee Lipman on the Appellant's claims based upon legislative work was proper, when Lipman was not party to a meeting during which Appellant alleges an oral contract for such work arose, and Lipman never undertook to perform legislative work on the Appellant's behalf.

## STATEMENT OF THE CASE

In early February of 2009, Appellant Nieves Rocha ("Ms. Rocha") contacted Appellee Daniel A. Brown ("Brown") regarding her late husband's death from an asbestos-related disease, pleural mesothelioma.  (2d Am. Compl., Dkt. 40 ("Compl."). ¶¶ 19-20.)  On or about February 9, 2009, Ms. Rocha spoke with Brown, and on February 10, 2009, she and her son, Michael Rocha, met with Brown to discuss a potential representation in an asbestos product liability lawsuit. (*See* Compl. ¶ 21.)  Ultimately, Ms. Rocha signed a Retainer Agreement under which the Appellees would represent her in such a lawsuit. (J.A. 1290.)  That

same day, on February 10, 2009, Brown prepared and filed a Complaint in the D.C. Superior Court on Ms. Rocha's behalf. (Compl. ¶ 47.)

Ms. Rocha alleges that at the February 10, 2009 meeting, Brown also made an express promise to her to get the D.C. law changed to ensure that her case would not be barred by the existing statute of limitations. (Compl. ¶ 36-7.) Appellee David M. Lipman, P.A. ("Lipman") was not present at that meeting or participating telephonically. (N. Rocha Dep., J.A. 48 at 139:15-140:22; Lipman Dep., J.A. 646 at 7:18-8:2; M. Rocha Dep., J.A. 722 at 173:19-175:4.) Lipman did not first meet or speak with Ms. Rocha until later in the case in late 2010, and never agreed to undertake any legislative work on Ms. Rocha's behalf. (J.A. 48 at 139:15-140:22; J.A. 648 at 16; Dkt. 38, Lipman Mot. Summ. J. SMF ¶ 4.) Lipman's general role in the underlying representation and litigation involved financing the litigation, being available throughout the life of the case to assist and consult, and ultimately trying the case along with Brown if it went to trial. (Brown Dep., J.A. 589 at 95:1-8.)

On several occasions, Brown sought the D.C. Trial Lawyers Association's assistance in potentially amending D.C. Code § 12-311, the asbestos statute of limitations, which could be misconstrued in some instances to shorten the statute of limitations, rather than lengthen it as intended. (*See* Compl. ¶¶ 51-4, 79.) In October of 2010, legislation amending § 12-311 was enacted. Lipman had no

2

involvement in any efforts to amend the DC statute. In August of 2010, the underlying asbestos defendant filed a motion for summary judgment on the grounds that the Ms. Rocha's asbestos claims were barred by the statute of limitations, §12-311. (Compl. ¶ 84.) That motion was ultimately granted when the underlying trial court interpreted the original language of §12-311 to bar the Plaintiff's claims, and held that the 2010 amendments could not apply retroactively. (*See* Compl. ¶ 103.) That decision was upheld on appeal. (*Id.* ¶ 122.)

On June 9, 2014, Ms. Rocha filed a legal malpractice action in the D.C. Superior Court against the Appellees stemming from the result of her asbestos claims. On July 3, 2014, the action was removed to the U.S. District Court for the District of Columbia. (J.A. 9.) In her Second Amended Complaint, in a Breach of Contract Count separate from her Legal Malpractice and Breach of Fiduciary Duty claims, Ms. Rocha alleged that the Appellees breached an express promise to change the District of Columbia statute of limitations to make her asbestos claims timely. (Compl. ¶ 132.) By agreement of the parties and the District Court, the case was divided into two phases of discovery, expert disclosure, and dispositive motions. (J.A. 10.) The first Phase was to be limited to legal malpractice liability and breach, without addressing the causation element of the merits of the underlying asbestos claims. (*Id.*)

3

After the completion of Phase I fact and expert discovery, on January 8, 2015, Brown and Appellee Brown & Gould, LLP ("B&G") moved for summary judgment on all counts, arguing that Ms. Rocha's claims were both barred by the applicable statute of limitations, and failed on the merits. (J.A. 5.) Lipman also filed a Motion for Summary Judgment on that date, in which it, *inter alia*, adopted the arguments and grounds for dismissal set forth in its co-Defendants' motion. (J.A. 5; Lipman Mot. Summ. J, Dkt. 38.) However, Lipman also asserted separate grounds for summary judgment in its favor with respect to Ms. Rocha's legislative claims, arguing that Lipman did not owe Ms. Rocha a duty in tort or contract to perform any legislative activity. (Lipman Mot. Summ. J., Dkt. 38; Op. at J.A. 1485.) Ms. Rocha did not specifically oppose Lipman's separate motion for summary judgment on the legislative claims. (*See* Pl.'s Mem. Supp. Mot. J. at 12 n.1, Dkt. 43; J.A. 1486.)

On April 30, 2015, the District Court issued an Opinion and Order granting Brown and B&G's Motion for Summary Judgment on all grounds asserted and dismissing the case. (J.A. 3, 1426.) The District Court also granted Lipman's Motion for Summary Judgment. (*Id.*) With respect to Lipman's separate Motion for Summary Judgment, the District Court found that by failing to respond to those arguments or Appellee Lipman's supporting statement of facts, "Mrs. Rocha concedes that Lipman is not liable on the legislative activity claim," and therefore

4

the court granted Appellee Lipman's judgment on Count III of the Second Amended Complaint on that separate basis. (*Id.* 1426.) This appeal followed.

## SUMMARY OF THE ARGUMENT

In this legal malpractice action stemming from the Appellees' representation of Ms. Rocha in asbestos litigation, she alleges the Appellees should have filed an action in Maryland that would not have been time barred; and should have taken some action to make the D.C. Council's amendment to the D.C. asbestos statute of limitations retroactive to revive her claim. In the District Court below, Lipman adopted as grounds for dismissal of all claims against all defendants the arguments set forth in Appellees Brown and B&G's Motion for Summary Judgment, and here Lipman adopts the arguments set forth in its co-Appellees' Brief for affirming the entry of Summary Judgment.

However, Lipman also moved for summary judgment in its favor on Ms. Rocha's legislative claims on separate and independent grounds, and that argument and request for relief has been continuously ignored by Ms. Rocha. Since Ms. Rocha did not address Lipman's motion below, the facts offered in support thereof were undisputed, the District Court properly found that the argument that Lipman was not liable on the legislative activity claim was conceded, and the issue was not preserved for review by this Court. Any argument to reverse that entry of

5

judgment in Lipman's favor is also waived because it is not raised in Ms. Rocha's Brief filed with this Court.

Further, Lipman was entitled to summary judgment on Ms. Rocha's Breach of Contract Count and all claims related to the legislative activity because Lipman was not party to any alleged express promise on which the Breach of Contract Count was based, and Ms. Rocha did not allege or put forth any evidence to establish that Lipman was involved with or owed her any duty with respect to the statutory amendment.

## **ARGUMENT**

This Court reviews the entry of summary judgment de novo. *Bower v. District of Columbia*, 793 F.3d 49, 54 (D.C. Cir. 2015).

**I.  THIS COURT SHOULD AFFIRM THE GRANT OF SUMMARY JUDGMENT IN LIPMAN'S FAVOR ON THE LEGISLATIVE CLAIMS BECAUSE MS. ROCHA CONCEDED THE ISSUE BELOW AND HAS NOT PRESERVED IT FOR APPEAL.**

In the summary judgment briefing below, Lipman joined and adopted the motion and arguments submitted by its co-Defendants, which were fully dispositive of all claims asserted against all of the Appellees. However, Lipman filed a fully briefed Motion for Summary Judgment asserting an additional separate grounds for judgment in its favor on the legislative claims, along with a separate Statement of Material Facts Not in Dispute and supporting documentation. (J.A. 5, 1485; Lipman's Mot. Summ. J., Dkt. 38.) Ms. Rocha did not file a separate

opposition to this motion, or address it in her briefing on the combined Motions for Summary Judgment. Instead, in a footnote, she stated that "Lipman's motion merely adopts B&G's motion for summary judgment and offers no other grounds entitling it to summary relief." (Pl.'s Mem. Supp. Summ. J. and Opp. at 1 n.1, Dkt. 43.) Ms. Rocha also has not addressed Lipman's separate arguments in her Brief before this Court. Instead, she merely again states in a footnote that "Lipman adopted the B&G Defendants' motion for summary judgement as its own." (Br. at 2 n.5.)

The District Court properly found that Lipman's separate argument for summary judgment in its favor on the legislative claims was conceded below. (J.A. 1426.) (citing *COMPTEL v. FCC*, 945 F. Supp. 2d 48, 55 (D.D.C. 2013); *Hopkins v. Women's Div. Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) *aff'd* 98 F.App'x 8 (D.C. Cir. 2004)). As Ms. Rocha failed to properly address the facts asserted in support of Lipman's motion, the District Court could consider them undisputed. Fed. R. Civ. P. 56(e)(2). Further, an argument that is not made before the District Court is not considered on appeal. *Bower*, 793 F.3d at 54. Finally, arguments not made or inadequately raised in an opening brief are waived. *Fox v. Gov't of Dist. Of Columbia*, 794 F.3d 25, 29 (D.C. Cir. 2015); *see also U.S. ex rel Totten v. Bombardier Corp.*, 380 F.3d 488,

7

497 (D.C. Cir. 2004) ("Ordinarily, arguments that parties do not make on appeal are deemed to have been waived.").

It is unclear why Ms. Rocha has never addressed or explicitly conceded Lipman's separate argument for summary judgment in its favor on the legislative claims. Regardless, having never been stated, any opposition to summary judgment for Lipman on these grounds was conceded below and is waived on appeal. By declining to ever address the issue, Ms. Rocha certainly did not properly preserve it. Therefore, this Court should affirm the District Court's entry of summary judgment on Ms. Rocha's claims relating to legislative activity, and Count III of the Second Amended Complaint.

## II. THIS COURT SHOULD AFFIRM THE ENTRY OF SUMMARY JUDGMENT FOR LIPMAN ON THE LEGISLATIVE CLAIMS BECAUSE LIPMAN OWED MS. ROCHA NO DUTY TO PERFORM LEGISLATIVE WORK.

Summary Judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure material on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." A genuine issue for trial exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will

8

properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotrex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Ms. Rocha alleges that at a meeting on February 10, 2009, Brown made an express promise to her that he would get the law changed to ensure that the D.C. Courts would deem her asbestos case to be timely filed there. (Compl. ¶ 37.) It is this alleged express oral contract that she claims Brown violated by not somehow ensuring that the amendment to the asbestos statute of limitations passed by the D.C. Counsel was retroactive. Lipman was not present physically or telephonically at the meeting on February 10, 2009 when Ms. Rocha alleges that the promise was made.

To the contrary, Ms. Rocha did not have any meeting or conversation with David Lipman until late 2010 when the parties were preparing for the underlying trial. There is no allegation or evidence that Lipman ever made any promise to or agreement with Ms. Rocha to change the D.C. law to her benefit. Therefore, she could not establish that Lipman was a party to the oral contract on which she bases her legislative claims, and Lipman was entitled to judgment as a matter of law on that claim.

9

To the extent that the claim related to the D.C. legislation was also included in Ms. Rocha's legal malpractice claims, there remains no evidence to establish that Lipman owed her any duty with respect to that issue, and she lacked the necessary expert testimony to support such a claim against Lipman. In order to establish the required elements of a legal malpractice claim, a plaintiff generally must present expert testimony on the applicable standard of care. *Kaempe v. Myers*, 367 F.3d 958, 966 (D.C. Cir. 2004) (citing *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C. 1982)). Ms. Rocha's designated expert, John Amato, opined in his report that Lipman assumed joint responsibility for the representation under the terms of the Retainer Agreement. (J.A. 1195.) Thus he opined that under that retainer, Lipman was jointly liable for the breaches of the standard of care that he opined were committed by B&G. (*Id.*)

As Mr. Amato clarified in his deposition testimony, there was nothing in that Retainer Agreement that obligated the Appellees to undertake any legislative efforts to change the D.C. statute of limitations. (J.A. 540 at 218; J.A. 1290.) Mr. Amato testified that his opinion that Defendant Brown owed the Plaintiff a duty with respect to the legislative efforts, and breached the standard of care with respect to those efforts, was not based on the language of the Retainer Agreement. (*Id.*) Rather, Mr. Amato opined that Defendant Brown separately assumed this duty when he voluntarily undertook to change the statute, and breached the

standard of care in doing so. (J.A. 537 at 207-8.) There were no allegations or evidence presented below that Lipman at any point undertook to change the D.C. statute, or was in any way involved in those efforts. These facts were not disputed.

Thus, irrespective of whether Ms. Rocha can actually impose such a duty on Brown under Mr. Amato's theory, she has not asserted any basis for any duty owed to her by Lipman with respect to legislative work. Rather, Lipman's duty was limited to the representation in litigation provided for under the retainer. Nor did Ms. Rocha proffer any expert testimony to establish a breach of the standard of care by Lipman with respect to the legislative work. For these reasons, Lipman was entitled to summary judgment on Ms. Rocha's legislative claims.

### III. THIS COURT SHOULD AFFIRM THE ENTRY OF SUMMARY JUDGMENT ON ALL COUNTS FOR THE REASONS SET FORTH IN APPELLEES BROWN AND B&G'S BRIEF.

Pursuant to Federal Rule of Appellate Procedure 28(i), Lipman hereby adopts by reference and joins the Brief submitted by Appellees Brown and Brown & Gould, LLP seeking affirmance of the District Court's entry of Summary Judgment on all claims and dismissal of this action.

### CONCLUSION

The District Court properly granted Summary Judgment in the Appellees' favor on all Counts. That decision should be affirmed as to all claims against all Appellees for the reasons set forth in the Brief filed by Appellees Brown and

Brown & Gould. Further, the award of summary judgment in Lipman's favor on Ms. Rocha's claims relating to legislative work should be affirmed on the additional grounds that Lipman owed Ms. Rocha no duty to undertake any legislative work, and Ms. Rocha waived any opposition to or appeal of this separate grounds for relief.

WHEREFORE, for the reasons set forth above and on the record below, Appellee Lipman Law Firm, P.A. respectfully requests that this Court affirm the District Court's Order of April 30, 2015 granting summary judgment.

> Respectfully submitted,
>
> /s/ **Laura M.K. Hassler**
> Aaron L. Handleman (# 48728)
> Laura M.K. Hassler (#988969)
> ECCLESTON & WOLF, P.C.
> 1629 K Street, N.W., Suite 260
> Washington, D.C. 20006
> (202) 857-1696 (Tel)
> (202) 857-0762 (Fax)
> handleman@ewdc.com
> hassler@ewdc.com
> *Counsel for Appellee Lipman*

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that on this 23rd day of December 2015, I served the foregoing Appellee's Brief via electronic filing through the CM/ECF system on:

>Peter T. Enslein, Esquire
>Law Offices of Peter T. Enslein. P.C.
>1738 Wisconsin Ave. N.W.
>Washington, D.C. 20007
>peter@ensleinlaw.com
>*Counsel for Appellant*
>
>J. Jonathan Schraub, Esquire
>Michael T. Marr, Esquire
>Sands Anderson PC
>1497 Chain Bridge Road, Ste. 202
>Mclean, VA 22101
>jjschraub@sandsanderson.com
>*Counsel for Appellants Brown & Gould, LLP and Daniel A. Brown*

          /s/ **Laura M.K. Hassler**